# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

CONDATIS LLC,

     Plaintiff,

     v.

1.  ARINC INC.;
2.  BOEING COMPANY;
3.  BOMBARDIER, INC.;
4.  BOMBARDIER TRANSPORTATION INC.;
5.  BP, PLC;
6.  BP CORPORATION NORTH AMERICA, INC.;
7.  BP OIL SHIPPING COMPANY;
8.  BP PRODUCTS NORTH AMERICA, INC.;
9.  BRUNSWICK CORPORATION;
10. CUMMINS; INC.;
11. CUMMINS MERCRUISER DIESEL MARINE;
12. IMPACT TECHNOLOGIES, LLC;
13. IMTECH NV;
14. JAMES FISHER AND SONS PLC;
15. JOY GLOBAL, INC.;
16. MACSEA; LTD.;
17. MAN SE;
18. MAN DIESEL SE;
19. MAN DIESEL NORTH AMERICA, INC.;
20. MATRIKON; INC.;
21. MATRIKON INTERNATIONAL, INC.;
22. MERCURY MARINE;
23. MICAD MARINE, L.L.C.;
24. MODULAR MINING SYSTEMS,INC.;
25. MORITZ AEROSPACE, INC.;
26. P&H MINING EQUIPMENT INC.;
27. RADIO HOLLAND USA, INC;
28. ROCKWELL AUTOMATION, INC.;
29. SIEMENS AG;
30. SIEMENS CORPORATION;
31. STRAINSTALL GROUP LTD.;
32. STRAINSTALL/ALLISON INC.;
33. T.E.S.S. LLC;
34. TESSELLA, PLC;
35. TESSELLA, INC.;
36. TRANSOCEAN, LTD.;
37. TRANSOCEAN ENTERPRISE, INC.;
38. VICTRON ENERGY BV;

Case No.

**JURY TRIAL DEMANDED**

1

39. VICTRON ENERGY NORTH AMERICA, INC.;
40. WARTSILA CORPORATION; and
41. WARTSILA NORTH AMERICA, INC.,

Defendants.

## COMPLAINT FOR PATENT INFRINGEMENT

1.     This is an action for patent infringement in which Condatis LLC ("Condatis" or "Plaintiff") makes the following allegations against ARINC Inc.; Boeing Company; Bombardier, Inc.; Bombardier Transportation Inc.; BP, PLC; BP Corporation North America, Inc.; BP Oil Shipping Company; BP Products North America, Inc.; Brunswick Corporation; Cummins, Inc.; Cummins Mercruiser Diesel Marine; Impact Technologies, L.L.C.; IMTECH NV; James Fisher and Sons, PLC.; Joy Global, Inc.; MACSEA, Ltd.; MAN SE; MAN Diesel SE; MAN Diesel North America, Inc; Matrikon, Inc.; Matrikon International, Inc.; Mercury Marine; MICAD Marine, L.L.C.; Modular Mining Systems, Inc.; Moritz Aerospace, Inc.; P&H Mining Equipment, Inc.; Radio Holland USA, Inc.; Rockwell Automation, Inc.; Seimens AG; Seimens Corporation; Strainstall Group, Ltd; Strainstall/Allison Inc.; T.E.S.S., L.L.C.; Tessella PLC; Tessella, Inc.; Transocean, Ltd.; Transocean Enterprise, Inc.; Victron Energy B.V.; Victron Energy North America, Inc.; Wartsila Corporation; and Wartsila North America, Inc.

## PARTIES

2.     Plaintiff Condatis is a limited liability company organized and existing under the laws of the State of Maryland with its principal place of business at 101 E. Park Blvd Suite 600, Plano, Texas 75074.

3.     On information and belief, Defendant ARINC Inc. ("ARINC") is a Delaware corporation with its principal place of business at 2551 Riva Road, Annapolis, MD, 21401. Defendant ARINC may be served with process via its registered agent, C T Corporation System at 350 N. Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

4.      On information and belief, Defendant Boeing Company ("Boeing") is a Delaware corporation with its principal place of business at 100 N. Riverside Plaza, Chicago, IL 60606. On information and belief, Boeing may be served with process via its registered agent Corporation Service Company, 211 E 7TH Street Suite 620 Austin, TX 78701-3334.

5.      On information and belief, Defendant Bombardier, Inc. is a Canadian corporation with its principal place of business at 800 René-Lévesque Blvd. West, Montreal, Quebec, Canada PQ H3B 1Y8. On information and belief, Bombardier, Inc. may be served with process at 800 René-Lévesque Blvd. West, Montreal, Quebec, Canada PQ H3B 1Y8.

6.      On information and belief, Defendant Bombardier Transportation (Holdings) USA, Inc. ("Bombardier Transportation") is a Delaware corporation with its principal place of business at 1501 Lebanon Church Road, Pittsburgh, PA 15236-1406. Defendant Bombardier Transportation may be served with process via its registered agent, C T Corporation System at 350 N. Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

7.      On information and belief, Defendant BP, PLC is an English corporation with its principal place of business at 1 St. James Square, London SW1Y 4PD, United Kingdom. Defendant BP PLC may be served with process at 1 St. James Square, London SW1Y 4PD, United Kingdom.

8.      On information and belief, Defendant BP Corporation North America, Inc. ("BP North America") is an Indiana corporation with its principal place of business at 4101 Winfield Road, Warrenville, IL 60555-3521. Defendant BP North America may be served with process via its registered agent, Prentice Hall Corp System, 211 E 7th Street Suite 620, Austin, TX 78701-3334.

9.      On information and belief, Defendant BP Oil Shipping Company ("BP Oil") is a Delaware corporation with its principal place of business at 4101 Winfield Road,

Warrenville, IL 60555-3521. Defendant BP Oil may be served with process via its registered agent, Prentice Hall Corp System, 211 E 7th Street Suite 620, Austin, TX 78701-3334.

10.     On information and belief, Defendant BP Products North America, Inc. ("BP Products North America") is a Maryland corporation with its principal place of business at 501 Westlake  Park Blvd. # E409,  Houston, TX 77079-2604.  Defendant  BP  Products  North America may be served with process via its registered agent, Prentice Hall Corp System, 211 E 7th Street Suite 620, Austin, TX 78701-3334.

11.     On information and belief, Defendant Brunswick Corporation ("Brunswick") is a Delaware corporation with its principal place of business at 1 N. Field Ct., Lake Forest, IL 60045-4810. Defendant Brunswick may be served with process via its registered agent, C T Corporation System at 350 N Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

12.     On information and belief, Defendant Cummins, Inc. ("Cummins") is an Indiana corporation with its principal place of business at 500 Jackson Street, Columbus, IN 47201-6258. Defendant Cummins may be served with process via its registered agent, Corporation Service Company D/B/A CSC – Lawyers Incorporation Service Company at 211 E 7th Street Suite 620, Austin, TX 78701-3334.

13.     On information and belief, Defendant Cummins MerCruiser Diesel Marine, LLC ("Cummins MerCruiser") is a Delaware corporation with its principal place of business at 75 Beattie Place Two Insignia Financial Plaza, Greenville, SC 29601. Defendant Cummins MerCruiser may be served with process via its registered agent, CT Corporation System, 2 Office Park Court Suite 103, Columbia, SC 29223-5948.

14.     On information and belief, Defendant Impact Technologies, L.L.C. ("Impact") is a New York corporation with its principal place of business at 200 Canal View Blvd. Suite 300,

Rochester, NY 14623. Defendant Impact may be served with process at 200 Canal View Blvd. Suite 300, Rochester, NY 14623.

15.     On information and belief, Defendant IMTECH NV ("IMTECH NV") is a Dutch corporation with its principal place of business at Kampenringweg 45a Gouda, 2803 PE, The Netherlands. Defendant IMTECH NV may be served with process at Kampenringweg 45a Gouda, 2803 PE, The Netherlands.

16.     On information and belief, Defendant James Fisher and Sons, PLC ("James Fisher") is a British corporation with its principal place of business at Fisher House, Barrow-in-Furness Cumbria LA14 1HR, UK. Defendant James Fisher may be served with process at Fisher House, Barrow-in-Furness Cumbria LA14 1HR, UK.

17.     On information and belief, Defendant Joy Global, Inc. ("Joy Global") is a Delaware corporation with its principal place of business at 100 East Wisconsin Avenue Suite 2780, Milwaukee, WI 53202-4127. Defendant Joy Global may be served with process via its registered agent CT Corporation System, 8040 Excelsior Drive Suite 200, Madison, WI 53717-1338.

18.     On information and belief, Defendant MACSEA, Ltd. ("MACSEA") has its principal place of business at 163 Water Street, Stonington, CT 06378. Defendant MACSEA may be served with process at 163 Water Street, Stonington, CT 06378.

19.     On information and belief, Defendant Man SE ("Man SE") is a German corporation with its principal place of business at Landsberger StraBe 110, Munich, 80339, Germany. Defendant Man SE may be served with process at Landsberger StraBe 110, Munich, 80339, Germany.

20.     On information and belief, Defendant Man Diesel SE ("Man Diesel SE") is a German corporation with its principal place of business at Stadtbachstrasse 1, D-86153 Augsburg,

Germany. Defendant Man Diesel SE may be served with process at Stadtbachstrasse 1, D-86153 Augsburg, Germany.

21.   On information and belief, Man Diesel North America, Inc. ("Man Diesel") is a New York corporation with its principal place of business at 17 State Street, New York, NY 10004-1501.  Defendant Man Diesel may be served with process via its registered agent, CT Corporation, 111 8th Avenue, New York, NY 10011-5201.

22.   On information and belief, Matrikon, Inc. is a Canadian corporation with its principal place of business at 10405 Jasper Ave., Suite. 1800, Edmonton, Alberta, T5J 3N4, Canada. Defendant Matrikon, Inc. may be served with process at 10405 Jasper Ave., Suite 1800, Edmonton, Alberta, T5J 3N4, Canada.

23.   On information and belief, Defendant Matrikon International, Inc. ("Matrikon International") is a New Jersey corporation with its principal place of business at 1800 West Loop S Suite 1250, Houston, TX 77027-3520. Defendant Makitron International may be served with process via its registered agent, Karim Moti, 1330 Post Oak Blvd Suite 1600, Houston, TX 77056-3072.

24.   On information and belief, Defendant Mercury Marine is an Oregon corporation with its principal place of business at W6250 W Pioneer Road, Fond Du Lac, WI 54935-5636. Defendant Mercury Marine may be served with process via its registered agent, Mark Schwabero, W6250 W Pioneer Road, Fond Du Lac, WI 54935-5636.

25.   On information and belief, Defendant MICAD Marine, LLC ("MICAD") is a California corporation with its principal place of business at 5731 McFadden Avenue Suite B, Huntington Beach, CA 92649-1351. Defendant Micad may be served with process via its registered agent, Ron Steinberg, 5731 McFadden Avenue Suite B, Huntington Beach, CA 92649-1351.

6

26.     On information and belief, Defendant Modular Mining Systems, Inc. ("Modular Mining Systems") is an Arizona corporation with its principal place of business at 3289 E Hemisphere Loop, Tucson, AZ 85706-5014. Defendant Modular Mining Systems may be served with process via its registered agent, CT Corporation System, 2394 E Camelback Road, Phoenix, AZ 85016-3429.

27.     On information and belief, Defendant Moritz Aerospace, Inc. ("Moritz") is a Connecticut corporation with its principal place of business at 60 Johnson Avenue, Plainville, CT 06062-1181. Defendant Moritz may be served with process via its registered agent, Edward F. Rosenthal, 977 Farmington Avenue Suite 200, West Hartford, CT 06107-2146.

28.     On information and belief, Defendant P & H Mining Equipment Inc. ("P & H Mining") is a Delaware corporation with its principal place of business at 4400 W National Avenue, Milwaukee, WI 53214-3639. Defendant P & H may be served with process via its registered agent, C T Corporation System at 350 N Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

29.     On information and belief, Defendant Radio Holland USA, Inc. ("Radio Holland") is a Delaware corporation with its principal place of business at 8943 Gulf Freeway, Houston, TX 77017. Defendant Radio Holland may be served with process via its registered agent, Corporation Service Company DBA CSC – Lawyers Incorporating Service Company at 211 E 7th Street Suite 620, Austin, TX 78701-3334.

30.     On information and belief, Defendant Rockwell Automation, Inc. ("Rockwell") is a Delaware corporation with its principal place of business at 1201 S 2nd Street Milwaukee, WI 53204-2410. Defendant Rockwell may be served with process via its registered agent, C T Corporation System at 350 N Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

31.     On information and belief, Defendant Siemens AG ("Siemens AG") is a German corporation with its principal place of business at Wittelsbacherplatz 2 Munich D-80333, Germany. Defendant Siemens AG may be served with process its registered agent, at Wittelsbacherplatz 2 Munich D-80333, Germany.

32.     On information and belief, Defendant Siemens Corporation ("Siemens Corporation") is a Delaware corporation with its principal place of business at 601 Lexington Avenue, New York, NY 10022-4611.   Defendant Siemens Corporation may be served with process its registered agent, C T Corporation System at 350 N Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

33.     On information and belief, Defendant Strainstall Group Ltd. ("Strainstall Group") is a British corporation with its principal place of business at 9-10 Mariners Way, Cowes, Isle of Wight, P031 8PD, UK. Defendant Strainstall Group may be served with process at 9-10 Mariners Way, Cowes, Isle of Wight, P031 8PD, UK.

34.     On information and belief, Defendant Strainstall/Allison Inc. ("Strainstall/Allison") has its principal place of business at 2715 Bissonnet Street Suite 403, Houston, TX 77005-1345. Defendant Strainstall/Allison may be served with process via its registered agent, Robert A. Spain, 2715 Bissonnet Street Suite 403, Houston, TX 77005-1345.

35.     On information and belief, Defendant T.E.S.S., LLC ("T.E.S.S.") is a Florida corporation with its principal place of business at 3051 W State Road 84, Fort Lauderdale, FL 33312.   Defendant Tess may be served with process via its registered agent, Brian Kopelowitz, 200 SW 1st Avenue, Fort Lauderdale, FL 33301-1875.

36.     On information and belief, Defendant Tessella PLC ("Tessella PLC") is a British corporation with its principal place of business at 26 The Quadrant, Abingdon Science Park, Abingdon, Oxfordshire OX14 3YS United Kingdom. Defendant Tessella PLC may be served with

process at 26 The Quadrant, Abingdon Science Park, Abingdon, Oxfordshire OX14 3YS United Kingdom.

37.     On information and belief, Defendant Tessella, Inc. ("Tessella, Inc.") is a Delaware corporation with its principal place of business at 233 Needham Street Suite 300, Newton Upper Falls, MA 02464-1502. Defendant Tessella, Inc. may be served with process via its registered agent, CT Corporation System, 155 Federal Street Suite 700, Boston, MA 02110-1727.

38.     On information and belief, Defendant Transocean, Ltd. ("Transocean.") is a Swiss corporation with its principal place of business at Chemin de Blandonnet 10, Vernier, Geneva CH-1214, Switzerland. Defendant Transocean may be served with process at Chemin de Blandonnet 10, Vernier, Geneva CH-1214, Switzerland.

39.     On information and belief, Defendant Transocean Enterprise, Inc. ("Transocean Enterprise") is a Delaware corporation with its principal place of business at 4 Greenway Plaza Houston, TX 77046-0400. Defendant Transocean Enterprise may be served with process via its registered agent, Capitol Corporate Services, Inc., 800 Brazos Street Suite 400, Austin, TX 78701-2548.

40.     On information and belief, Defendant Victron Energy B.V. is a Dutch corporation with its principal place of business at Victron Energy B.V., De Paal 35, 1351 JG Almere Haven, The Netherlands. Defendant Victron may be served with process at Victron Energy B.V., De Paal 35, 1351 JG Almere Haven, The Netherlands.

41.     On information and belief, Defendant Victron Energy North America, Inc. ("Victron Energy North America") has its principal place of business at 70 Water Street, Thomaston, ME 04861. Defendant Victron Energy North America may be served with process at 70 Water Street, Thomaston, ME 04861. Thomaston, ME 04861.

42.     On information and belief, Defendant Wartsila Corporation ("Wartsila Corporation") is a Finnish corporation with its principal place of business at John Stenbergin ranta 2, Helsinki, FI- 0-0531, Finland. Defendant Wartsila Corporation may be served with process at John Stenbergin ranta 2, Helsinki, FI- 0-0531, Finland.

43.     On information and belief, Defendant Wartsila North America, Inc. ("Wartsila North America") is a Maryland corporation with its principal place of business at 16330 Air Center Blvd., Houston, TX 77032-5100. Defendant Wartsila North America may be served with process via its registered agent C T Corporation System at 350 N Saint Paul Street Suite 2900, Dallas, TX 75201-4234.

## JURISDICTION AND VENUE

44.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

47.     Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendants have transacted business in this district, and have committed and/or induced acts of patent infringement in this district.

48.     On information and belief, Defendants are subject to this court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

## THE PATENT-IN-SUIT

49.     United States Patent No. 5,450,321 (the '321 Patent"), entitled "Interactive Dynamic Real-Time Management System For Powered Vehicles," was duly and lawfully issued

on September 12, 1995, based upon an application filed by the inventor, Harold E. Crane. A copy of the '321 Patent is attached hereto as Exhibit A.

50.    Condatis is the owner by assignment of the '321 Patent and has the right to sue, and recover damages, for infringement thereof.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 5,450,321**

51.    Condatis repeats and incorporates the allegations contained in paragraphs 1 through 50 above as is set forth fully herein.

52.    On information and belief, ARINC has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by ARINC include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least ARINC's ACAMS system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its ACAMS system, and all like products and related services that are covered by one or more claims of the '321 patent, ARINC is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

53.    On information and belief, Boeing has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Boeing include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Boeing's Airplane Health Management product (AHM), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Airplane Health Management product (AHM), and all like products and related services that are covered by one or more claims of the '321 patent, Boeing is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

11

54.     On information and belief, Bombardier, Inc. and Bombardier Transportation (collectively "Bombardier") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Bombardier include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Bombardier's Orbita system, infringing one or more claims of the '321 Patent.  By making, using, importing, offering for sale, and/or selling its Orbita system, and all like products and related services that are covered by one or more claims of the '321 patent, Bombardier is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

55.     On information and belief, BP PLC, BP North America, BP Oil, and BP Products North America (collectively "BP") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States.  Infringements by BP include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least BP's Loch Rannoch system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Loch Rannoch system, and all like products and related services that are covered by one or more claims of the '321 Patent, BP is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

56.     On information and belief, Brunswick, Cummins, Cummins MerCruiser, and Mercury Marine (collectively "Brunswick") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Brunswick include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the MercMonitor, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the MercMonitor, and all like products and related services that are covered by one or more claims of

12

the '321 Patent, Brunswick is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

57.     On information and belief, Cummins has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Cummins include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Cummins' Electronic Information system, C-Command, and CENSE/INSITE (collectively "Cummins' Products"), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Cummins' Products, and all like products and related services that are covered by one or more claims of the '321 Patent, Cummins is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

58.     On information and belief, Impact has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Impact include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Impact's Signal Pro and Real Time Fault Isolation Products (collectively "Impact Products"), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Impact Products, and all like products and related services that are covered by one or more claims of the '321 Patent, Impact is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

59.     On information and belief, MACSEA has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by MACSEA include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least MACSEA's DEXTER, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or

13

selling its DEXTER, and all like products and related services that are covered by one or more claims of the '321 Patent, MACSEA is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

60.     On information and belief, Man Diesel, Man Diesel SE and Man SE (collectively "MAN") has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by MAN include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least MAN 's Intelligent Engine, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Intelligent Engine, and all like products and related services that are covered by one or more claims of the '321 patent, MAN is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

61.     On information and belief, Matrikon International and Matrikon, Inc. (collectively "Matrikon") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Matrikon include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Matrikon's Mobile Equipment Monitor, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Mobile Equipment Monitor, and all like products and related services that are covered by one or more claims of the '321 Patent, Matrikon is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

62.     On information and belief, MICAD has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by MICAD include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least MICAD's Marine Vessel and Fleet Information System/MICAD Marine System and Fleet Master system, infringing one or more

claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Vessel and Fleet Information System/MICAD Marine System, the Fleet Master system, and all like products and related services that are covered by one or more claims of the '321 Patent, MICAD is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

63.     On information and belief, Modular Mining Systems has been and now is directly the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Modular Mining Systems include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Modular Mining Systems' Dispatch product, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Dispatch product, and all like products and related services that are covered by one or more claims of the '321 patent, Modular Mining Systems is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

64.     On information and belief, Moritz has been and now is directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Moritz include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Moritz's Octoplex$^{TM}$ Multiplexed Power Management and Monitoring System, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Octoplex$^{TM}$ Multiplexed Power Management and Monitoring System, and all like products and related services that are covered by one or more claims of the '321 Patent, Moritz is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

65.     On information and belief, P & H Mining and Joy Global (collectively "P & H") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by P & H include, without limitation, making, using, offering for

15

sale, and/or selling within the United States, and/or importing into the United States, at least P & H's Centurion/Prevail system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Centurion/Prevail system, and all like products and related services that are covered by one or more claims of the '321 Patent, P & H is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

66.     On information and belief, Radio Holland, IMTECH NV, Victron Energy North America, and Victron Energy BV (collectively "Victron") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Victron include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Victron's BMV 602 system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its BMV 602 system, and all like products and related services that are covered by one or more claims of the '321 Patent, Victron is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

67.     On information and belief, Rockwell and BP North America, BP, PLC, BP Products North America, And BP Oil (BP companies - collectively "BP") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Rockwell and BP include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Rockwell's Dynamix Condition Monitoring system, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling the Dynamix Condition Monitoring system, and all like products and related services that are covered by one or more claims of the '321 Patent, Rockwell and BP are liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

68.    On information and belief, Siemens Corporation and Siemens AG (collectively "Siemens") have been and are now directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Siemens include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Siemens' SIRAS and MIDAS products, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its SIRAS and MIDAS products, and all like products and related services that are covered by one or more claims of the '321 Patent, Siemens is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

69.    On information and belief, Strainstall/Allison, Strainstall Group, and James Fisher (collectively "Strainstall") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Strainstall include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Strainstall's Stress Alert II Hull Stress Monitor and Stress Alert FO, infringing one or more claims of the '321 Patent.  By making, using, importing, offering for sale, and/or selling its Stress Alert II Hull Stress Monitor and Stress Alert FO, and all like products and related services that are covered by one or more claims of the '321 Patent, Strainstall is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

70.    On information and belief, T.E.S.S. and IMTECH NV (collectively "IMTECH") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by IMTECH include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least IMTECH's Integrated Platform Management Systems, infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Integrated Platform Management Systems, and all like products and related services that are covered by one or more

17

claims of the '321 Patent, IMTECH is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

71.     On information and belief, Tessella, Inc. and Tessella, PLC (collectively "Tessella") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Tessella include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Tessella's Train Automatic Performance Analysis System and Switch View products (collectively "Tessella Products"), infringing one or more claims of the '321 Patent. By making, using, importing, offering for sale, and/or selling its Tessella Products, and all like products and related services that are covered by one or more claims of the '321 Patent, Tessella is liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

72.     On information and belief, Wartsila Corporation and Wartsila North America (collectively "Wartsila") and Transocean, Ltd. and Transocean, Enterprise (collectively "Transocean") have been and now are directly infringing the '321 Patent in this judicial district, and elsewhere in the United States. Infringements by Wartsila and Transocean include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least Wartsila's Condition Based Maintenance Systems, infringing one or more claims of the '321 Patent.  By making, using, importing, offering for sale, and/or selling the Condition Based Maintenance Systems, and all like products and related services that are covered by one or more claims of the '321 Patent, Wartsila and Transocean are liable for infringement of the '321 Patent pursuant to 35 U.S.C. § 271(a).

73.     Defendants have committed these infringing acts without license from Condatis.

74.     As a result of Defendants' infringement of the '321 Patent, Condatis has suffered monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this court enter:

75.     A judgment in favor of Condatis that Defendants have directly infringed the '321 Patent;

76.     A judgment and order requiring the Defendants to pay Condatis its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '321 patent as provided under 35 U.S.C. § 284;

77.     A judgment and order finding that this is an exceptional case within the meaning of U.S.C. § 285 and awarding to Condatis its reasonable attorneys' fees; and

78.     Any and all other relief to which Condatis may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

July 9, 2010                                          Respectfully submitted,


                                                     By: Andrew W. Spangler
                                                     Andrew W. Spangler
                                                     Texas State Bar No. 24041960
                                                     Spangler Law, PC
                                                     208 N Green St., #300
                                                     Longview, TX 75601-7312
                                                     Telephone: (903) 753-9300
                                                     Facsimile: (903) 553-0403
                                                     spangler@spanglerlawpc.com

                                                     Gregory P. Love
                                                     State Bar No. 24013060

Scott E. Stevens
State Bar No. 00792024
Darrell G. Dotson
State Bar No. 24002010
Todd Y. Brandt
State Bar No. 24027051
STEVENS LOVE
P.O. Box 3427
Longview, Texas 75606
Telephone: (903) 753–6760
Facsimile: (903) 753–6761
greg@stevenslove.comd
scott@stevenslove.com
darrell@stevenslove.com
todd@stevenslove.com

Attorneys for Condatis LLC